STATE OF NORTH CAROLINA v. RANDOLPH RAEL

No. 237A87

(Filed 3·February 1988)

### 1. Witnesses § 1.2— four-year-old sex offense victim—competent witness

The trial court did not abuse its discretion in a prosecution for crime against nature, taking indecent liberties with a child, and first degree sexual offense by ruling that the victim was competent to testify where, during the *voir dire*, the victim correctly stated his age and date of birth and the name of the school he had attended for a short period, indicated his ability to distinguish truthful and untruthful statements and his knowledge that he could be put in jail if he lied during his testimony, and promised to tell the truth in his testimony during both direct and cross-examination. Furthermore, the trial court did not err by failing to make findings of fact and more detailed conclusions concerning the child's competency; *State v. Fearing*, 315 N.C. 167, is not authority for the proposition that a defendant is entitled to a new trial if the court fails to make formal findings when exercising its discretion in determining competency to testify.

### 2. Criminal Law § 34.4— sexual offense and indecent liberties with a child—magazines and videotape—admissible

The trial court did not err in a prosecution for crime against nature, taking indecent liberties with a child, and first degree sexual offense by admitting into evidence a videotape and magazines found in defendant's home where the tape and magazines were relevant to corroborate the victim's testimony that defendant had shown him such materials at the time defendant committed the crimes for which he was on trial. The exhibits and testimony were therefore relevant to a fact in issue other than the character of the accused. N.C.G.S. § 8C-1, Rule 404(b), N.C.G.S. § 8C-1, Rule 401.

APPEAL by the defendant from judgments entered by *Strickland, J.*, at the 5 January 1987 Criminal Session of Superior Court, ONSLOW County. Heard in the Supreme Court on 10 December 1987.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the State.*

*Robin E. Hudson for the defendant appellant.*

MITCHELL, Justice.

The defendant was tried upon proper indictments for crime against nature, taking indecent liberties with a child, and first degree sexual offense. The jury found the defendant guilty of all offenses as charged. The trial court entered judgments sentencing the defendant to concurrent sentences of life imprisonment for first degree sexual offense, a term of three years for crime against nature and a term of three years for taking indecent liberties with a child. The defendant appealed his conviction for first degree sexual offense and the resulting life sentence to this Court as a matter of right under N.C.G.S. § 7A-27(a). On 13 May 1987, this Court allowed the defendant's motion to bypass the Court of Appeals on his appeal of his convictions and sentences for taking indecent liberties with a child and crime against nature.

The State's evidence at trial tended to show, *inter alia,* that the victim was a male child who reached his fourth birthday in November 1986. In July 1986, the victim lived in the home of his maternal grandparents with his mother and sister. The defendant is the victim's father. The defendant and the child's mother had separated in May, and the defendant did not live with the family.

On 4 July 1986, the victim spent the day at the defendant's mobile home pursuant to a visitation arrangement provided for in a separation agreement between the victim's mother and the defendant. The testimony of the victim tended to show that, during that visit with the defendant, the defendant put him in the shower and put vaseline on his "pooty." "Blood came out and it hurt." During the victim's visit with the defendant, the defendant also showed him movies and magazines containing pictures of naked men and women. The victim testified that the defendant also put his "peepee" in the victim's mouth. The defendant also put the victim's "peepee" in the defendant's mouth. The victim testified that a man, a woman and a boy were present in the defendant's home at the times when the defendant was "playing bad games" on the victim.

The victim's mother testified that on 5 July 1986, she was changing the victim's clothes when he put his hands on his penis. She asked him why he was doing that, and the victim answered that his daddy had taught him to do so and that they had played with each other's "peepees." The victim told her that he and the

defendant had put their "peepees" in each other's mouths and looked at movies and magazine pictures of naked men and women. Others were present when the victim described such occurrences to his mother.

The defendant testified, *inter alia,* that his wife had called him shortly after they had separated and said that he would not have to pay child support if he would agree in writing to have nothing to do with the victim. She would not let the defendant see the child from the time they separated in May until their separation agreement giving the defendant visitation rights was signed in June. The defendant testified that, when his wife brought the victim to his home for visitation on 4 July 1986, she had argued with the defendant about a child support payment and accused him of not paying her. He told her that he had given her the check earlier in compliance with their separation agreement.

The defendant testified that he did not have the victim watch any pornographic movies or show him any pornographic magazines on 4 July 1986 or any other day. The defendant denied all of the acts forming the basis of the charges against him. He testified that on 4 July 1986, he and the victim had watched television, made a spaceship and played with some of the victim's toys. Thereafter, they went to a store where the victim picked out some video tapes to watch and then returned home.

The defendant testified that his mother-in-law called him on 5 July 1986 and quarreled with him about his payments of child support. During the conversation, his mother-in-law became angry with him and accused him of not paying child support. She then said that she had "other ways of dealing with him."

Lance Corporal Daniel Renos, United States Marine Corps, testified that he was in the defendant's home on 4 July 1986. He arrived between 7:00 p.m. and 8:00 p.m. and found the home very neat and clean. He did not observe any pornography or any other people present. That evening Renos and the defendant watched television and drank beer. Renos became so intoxicated that the defendant would not let him drive, and Renos spent the night on a sofa in the home.

Other evidence and testimony introduced at trial are discussed hereinafter where pertinent.

[1] The defendant first assigns as error the action of the trial court in ruling that the victim was competent to testify. The defendant's argument is that from all appearances, the child was not competent to testify. Even if he was, however, the defendant maintains that the voir dire concerning competency conducted by the trial court was inadequate, and that the trial court's ruling was not based on adequate findings or supported by the evidence. The defendant argues that, as a result, the trial court's determination of competency could not have been based on a reasoned exercise of discretion.

The victim was called as the State's first witness at trial. He was unable at first to say what a "story" or "fib" was, but then answered that "a fib is a lie and it's not the truth." The victim was asked to identify certain colors of clothing. When the colors were properly identified by the prosecutor, the child answered that the prosecutor's statement was true. When the prosecutor misidentified the colors or called them by the wrong name, the child would respond that the prosecutor's statement was false.

The prosecutor then began to address substantive questions to the child victim. The defendant objected, and the trial court excused the jury and conducted a voir dire to determine the child's competency to testify. The State having no further questions at that time concerning the competency of the child, counsel for the defendant cross-examined him. During this examination, the child correctly identified his father, indicated that he was four years old and gave his birth date. The child also described his house and a school he had attended briefly. He could not explain the difference between right and wrong in an ethical or theological sense. However, the child testified that he knew it was wrong to tell a story because "I just know it" and that he would be put in jail if he lied. The child promised to tell the truth with regard to everything he said during his testimony.

Having observed the child's demeanor and his testimony during the voir dire, the trial court ruled that: "The question of competency of a child to testify being a matter within the judge's discretion, it is the ruling of this Court that this child is competent to testify." Thereafter, the child was permitted to testify fully concerning the events of 4 July 1986.

The general rule is that every person is competent to testify unless determined to be disqualified by the Rules of Evidence. *State v. DeLeonardo*, 315 N.C. 762, 766, 340 S.E. 2d 350, 354 (1986). Rule 601(b) provides that:

A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

N.C.G.S. § 8C-1, Rule 601(b) (1986).

We have held that: "There is no age below which one is incompetent, as a matter of law, to testify." *State v. Turner*, 268 N.C. 225, 230, 150 S.E. 2d 406, 410 (1966). The issue of the competency of a witness to testify rests in the sound discretion of the trial court based upon its observation of the witness. *State v. Hicks*, 319 N.C. 84, 89, 352 S.E. 2d 424, 426 (1987). Absent a showing that a trial court's ruling as to competency could not have been the result of a reasoned decision, it will not be disturbed on appeal. *Id.*

During the voir dire in the present case, the victim correctly stated his age and date of birth and the name of the school he had attended for a short period. He indicated his ability to distinguish truthful and untruthful statements and his knowledge that he could be put in jail if he lied during his testimony. During both direct and cross-examination, he promised to tell the truth in his testimony in the present case. Having observed the child's demeanor during all of such testimony, the trial court concluded that he was competent to testify. We cannot say on the record before us that the trial court's exercise of its discretion in ruling that the child victim was competent to testify could not have been the result of a reasoned decision. *See generally State v. Hicks*, 319 N.C. 84, 352 S.E. 2d 424.

The defendant further argues in support of this assignment that, even if the evidence supported the trial court's ruling that the child victim was competent to testify, the trial court committed reversible error by failing to make findings of fact and more detailed conclusions concerning the child's competency. In support

of this argument, the defendant relies upon *State v. Fearing*, 315 N.C. 167, 337 S.E. 2d 551 (1985). The defendant's reliance in this regard is misplaced, as our primary concern in *Fearing* was that the trial court exercise its independent discretion after observing the witness and not a concern regarding the form in which the trial court entered its ruling on competency. The trial court's ruling in the present case in no way ran afoul of our decision in *Fearing. Fearing* is not authority for the proposition that a defendant is entitled to a new trial if the trial court fails to make formal findings when exercising its discretion in determining that a witness is competent to testify. This assignment is without merit and is overruled.

[2] The defendant also assigns as error the admission into evidence of video tapes and magazines found in his home during a search conducted with his consent. The defendant argues that this evidence was inadmissible under any of the North Carolina Rules of Evidence.

The victim testified that, on the day the defendant committed the acts for which he was convicted in the present case, the defendant also showed him magazines and movies in which the people were naked and the victim could see their "peepees." Detective Sergeant Sammy Martin of the Jacksonville Police Department testified that he searched the defendant's residence, with the consent of the defendant on 8 July 1986. Over the defendant's objection, Detective Martin was permitted to testify that during this search, he found and seized a "playboy playmate workout" video tape and several magazines, including one which he described as "a homosexual magazine." Detective Martin was then permitted, over the defendant's objection, to identify several of the State's exhibits in chronological order as follows:

> Three, is the tape. Number four, is a Num's Magazine, August 1986 Edition. Number five is a club magazine, August 1986. Number six, is entitled, Big Girls, Poster Size Photos, summer 1984 Edition. Seven is a Hustler Humor magazine, November 1981 edition. Number eight is a Hustler Humor Magazine, May 1986 Edition. Number nine is Hustler Humor magazine, March 1981 Edition.

Detective Martin identified these exhibits as the items he had seized from the defendant's home and testified that they had not

been altered or modified. The exhibits were then admitted into evidence.

The defendant argues that the magazines and video tape and Detective Martin's testimony concerning them were rendered inadmissible by Rule 404(b) of the North Carolina Rules of Evidence, because they tended to prove only the character of the defendant in order to show that he acted in conformity therewith. It is true, of course, that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.G.S. § 8C-1, Rule 404(b) (1986). It is equally clear, however, that evidence of other crimes or acts by a defendant is admissible so long as it is *relevant to any fact or issue* other than the character of the defendant. *State v. Weaver*, 318 N.C. 400, 403, 348 S.E. 2d 791, 793 (1986).

Under Rule 401, " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1986). Here, the video tape and magazines and Detective Martin's testimony concerning them were relevant to corroborate the victim's testimony that the defendant had shown him such materials at the time the defendant committed the crimes for which he was on trial. *State v. Wood*, 311 N.C. 739, 744, 319 S.E. 2d 247, 250 (1984). Since the exhibits and testimony were relevant to a fact or issue other than the character of the accused, Rule 404(b) did not require that they be excluded from the evidence at trial. *State v. Weaver*, 318 N.C. at 403, 348 S.E. 2d at 793. The trial court did not err in admitting the materials and Detective Martin's testimony concerning them, given the facts of this case. This assignment of error is without merit and is overruled.

No error.