STATE OF NORTH CAROLINA v. BILLY EUGENE CREECH, DEFENDANT

No. COA97-472

(Filed 17 February 1998)

**1. Evidence and Witnesses § 1523 (NCI4th)— indecent liberties with children—admission of photographs of men in underwear—no error**

The trial court did not err in a prosecution for taking indecent liberties with children in admitting photographs of male models and men in bikini underwear or g-strings where defendant contended that he was convicted because the jury viewed him as a homosexual after seeing the photographs, but defendant admitted at trial that he had homosexual encounters with men, other witnesses referred to defendant's homosexuality even before the photographs were introduced, and the photographs corroborated the testimony of other witnesses. N.C.G.S. § 8C-1, Rule 401.

**2. Criminal Law § 120 (NCI4th Rev.)— discovery—testimony at trial—substance furnished before trial—no error**

The trial court did not err in a prosecution for taking indecent liberties with children by admitting testimony which defendant contended was not revealed during discovery.

**3. Evidence and Witnesses § 374 (NCI4th)— indecent liberties—other acts—admissible—common plan or scheme**

The trial court did not err in a prosecution for indecent liberties by admitting testimony of incidents following the same pattern with the two boys who were the victims in this case. The testimony was sufficiently similar to show a common plan or scheme.

**4. Appeal and Error § 418 (NCI4th)— assignments of error— not raised in brief—abandoned**

Questions raised by defendant's assignments of error but not presented in his brief were deemed abandoned.

**5. Crime Against Nature § 10 (NCI4th)— indecent liberties— sexual element—evidence sufficient**

The trial court did not err in a prosecution for taking indecent liberties by denying defendant's motion to dismiss for lack of evidence of the sexual element of the crime. The test of the sufficiency of the evidence is whether a reasonable inference of guilt can be drawn from the evidence presented; here, defendant and the child wore only underwear during massages and testimony concerning defendant's similar pattern of behavior during massages with other young males was evidence from which the jury could reasonably conclude that these acts with this child were committed to arouse defendant's sexual desire.

Appeal by defendant from judgments entered on 4 October 1996 by Judge Clifton W. Everett, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 12 January 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Margaret A. Force, for the State.*

*W. Gregory Duke, for defendant appellant.*

SMITH, Judge.

Around Thanksgiving of 1995, Glen Brock ("Brock") arranged for his fifteen-year-old nephew (Child S) to give a massage to forty-seven-year-old defendant Billy Eugene Creech. Child S, who did not have any training or previous experience as a masseur, only knew defendant as his uncle's friend.

Defendant and Child S went to a back room at defendant's place of business. Defendant dimmed the lights and turned on music. Both defendant and Child S undressed down to their underwear. Defendant instructed Child S to lie down on a sofa bed, purportedly to show Child S how a massage should be administered.

Defendant massaged Child S and thereafter performed fellatio on Child S. Afterwards, Child S massaged defendant. Defendant paid Child S $50.00 and gave Child S another $20.00 to give Child S's uncle.

Defendant asked Child S to send others who would give defendant a massage for money.

Brock also introduced defendant to another fifteen-year-old boy (Child R). Child R, also lacking experience or training as a masseur, gave defendant four or five massages between October and December 1995 following approximately the same routine as with Child S. Defendant took Child R to the same room in the back of his optician store. Defendant instructed Child R to strip down to his shorts, while defendant wore only his underwear. Defendant first massaged Child R to show him what to do, and then Child R massaged defendant. Defendant tried to turn on music, but Child R would not allow it. Afterwards, defendant paid Child R and drove him home. Defendant asked Child R whether he knew any other sixteen or seventeen year olds who wanted to earn extra money giving massages, and Child R replied that he did not.

Other witnesses, including Jody Tingen ("Tingen"), Wiley Jay Clark ("Clark"), and Patrick Burke ("Burke") testified about a pattern of behavior in which defendant sought out young males to give massages in the back of his store under similar circumstances, although these instances did not involve underage boys. Twenty-five-year-old Tingen, defendant's former hairdresser, testified that defendant asked him whether he knew any young males interested in giving defendant massages for money. Defendant told Tingen about a discreet room in the back of defendant's business for the massages. Defendant showed Tingen the room as a possible location for a hair salon, and additionally showed him photographs of male models and men in bikini underwear or g-strings.

Witness Clark testified he also met defendant through Brock. Defendant offered to pay Clark, who was seventeen years old at the time, for massages even though Clark had no previous experience or training. The same scenario occurred as during the incidents involving Child S and Child R. During Clark's second massage, defendant performed fellatio on Clark. Defendant asked Clark if he knew anyone else who would give him a massage, and he also showed Clark the pictures of a male stripper and skimpily dressed men.

Witness Burke, approximately twenty-six years old, testified that he met defendant one and one-half to two years earlier when Burke waited on defendant at Denny's restaurant. Defendant invited Burke to come down to defendant's shop after Burke mentioned he was looking for a day job. Once Burke arrived, defendant explained he

wanted Burke to give him a massage. Defendant explained the normal routine and told Burke that defendant paid lots of money. Defendant told Burke they should both undress down to their underwear. Burke left without accepting the offer.

On 21 December 1995, the Greenville Police Department interviewed defendant. Defendant denied paying young boys to give him massages. Instead, defendant discussed a recent incident involving Brock and some missing jewelry from defendant's place of business. Defendant feared Brock was going to do something in retaliation because of defendant filing a police report concerning the jewelry. After the interview concerning the incidents with Child S and Child R, defendant spoke with another police officer and wondered "what if he didn't know they were underage?"

Thereafter, defendant denied the incidents with Child S and Child R, and further denied he performed fellatio on Child S. At trial, one of the five counts of taking indecent liberties with Child R was dismissed at the close of State's evidence. Thereafter, the jury found defendant guilty of four counts of taking indecent liberties with Child R, one count of taking indecent liberties with Child S, and one count of crime against nature with Child S. Defendant appeals.

[1] The first issue on appeal is whether the trial court violated N.C. Gen. Stat. § 8C-1, Rule 401 (1992) by allowing the State to introduce certain photographs into evidence. Rule 401 defines relevant evidence as " 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *State v. Rael*, 321 N.C. 528, 534, 364 S.E.2d 125, 129 (1988). However, relevant evidence may be excluded " 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *State v. Bishop*, 346 N.C. 365, 382, 488 S.E.2d 769, 778 (1997) (quoting N.C. Gen. Stat. § 8C-1, Rule 403 (1992)).

Since evidence favorable to the State is typically prejudicial to a defendant, the balancing test under Rule 403 involves a determination of whether that prejudice is unfair to a defendant. *Screaming Eagle Air, Ltd. v. Airport Comm. of Forsyth Co.*, 97 N.C. App. 30, 39, 387 S.E.2d 197, 203, *disc. review denied*, 326 N.C. 598, 393 S.E.2d 882 (1990). "Whether the use of photographic evidence is more probative than prejudicial . . . lies within the discretion of the trial court." *State*

*v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). An abuse of discretion will be found only if the trial court's ruling is "manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision." *State v. Syriani*, 333 N.C. 350, 379, 428 S.E.2d 118, 133, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993), *reh'g denied*, 510 U.S. 1066, 126 L. Ed. 2d 707 (1994).

Defendant argues that the trial court unfairly prejudiced him by admitting in evidence the photographs of male models and men in bikini underwear or g-strings. Defendant claims he was convicted because the jury viewed him as a homosexual after viewing the photographs. Defendant's claim is without merit because at trial defendant himself admitted he had sexual encounters with men. Additionally, other witnesses referred to defendant's homosexuality even before the photographs were introduced. More importantly, the photographs were admissible since they corroborated the testimony of Jody Tingen and Jay Clark. *See State v. Cummings*, 113 N.C. App. 368, 374, 438 S.E.2d 453, 457, *appeal dismissed and disc. review denied*, 336 N.C. 75, 445 S.E.2d 39 (1994). This Court has previously stated that "in a criminal case every circumstance calculated to throw any light upon the supposed crime is admissible and permissible." *State v. Collins*, 335 N.C. 729, 735, 440 S.E.2d 559, 562 (1994). We find that the probative value of the evidence substantially outweighs the danger of unfair prejudice to defendant's case. Thus, defendant's assignment of error is overruled.

[2] The second issue is whether the trial court erred by admitting the testimony of Tingen. Defendant contends that Tingen's testimony should not have been admitted because Tingen's prior statements were not revealed during discovery. *See* N.C. Gen. Stat. § 15A-903 (1988). The trial court determined during voir dire that the substance of the statement was revealed and that the statement did not have to be given verbatim. The relevant statement provided to defense counsel on two occasions included that "[t]he defendant told him how boys could make money by giving him massages, asking to introduce him to young boys from East Carolina, that he was willing to pay a hundred dollars a pop." This statement explicitly refers to "boys" and gives adequate notice as required by N.C. Gen. Stat. § 15A-903 that defendant's statement to Tingen refers to young people. Our review of the record discloses that the statement was furnished in substance to defendant prior to trial. Therefore, this assignment of error is overruled.

**[3]** The third issue is whether the trial court erred in allowing Jay Clark to testify. Defendant claims Clark's testimony was not relevant, and even if it was, that the evidence was unduly prejudicial. The general rule is that evidence of other crimes, wrongdoings, or acts is not admissible to prove conformity with a person's character. *Rael*, 321 N.C. at 534, 364 S.E.2d at 129. However, this type of evidence is admissible if it is relevant to any fact or issue other than the character of defendant. *Id.*

This Court has previously held that "evidence of prior sex acts may have some relevance to . . . defendant's guilt of the crime charged if it tends to show a relevant state of mind, such as intent, motive, plan, or opportunity." *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). This Court must determine whether the evidence is sufficiently similar and not too remote in time so that it is more probative than prejudicial. *Id.*

In the instant case, the State argues that Clark's testimony was offered as proof of a common plan. Clark provided testimony of incidents following the same pattern as those taken with the two boys. This common pattern included: seeking young males, offering money to these males to give defendant massages, taking the males to a back room in defendant's store, inducing the males to wear only their underwear or shorts, defendant wearing only his underwear, the performance of massages and sometimes sexual acts, and seeking other young males to perform massages. "When similar acts have been performed continuously over a period of years, the passage of time serves to prove, rather than disprove, the existence of a plan." *State v. Shamsid-Deen*, 324 N.C. 437, 445, 379 S.E.2d 842, 847 (1989) (citation omitted). We conclude that the testimony was sufficiently similar to show a common plan or scheme. Thus, this assignment of error is overruled.

**[4]** Finally, defendant argues the trial court erred in denying the motion to dismiss at the close of all evidence concerning the one count of taking indecent liberties with Child S, the one count of crime against nature with Child S, and the remaining four counts of taking indecent liberties with Child R. Defendant's assignment of error covers both Child S and Child R. However, defendant's brief only refers to the fact that there is no evidence of a sexual act as to Child R. Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531,

535, 223 S.E.2d 311, 313 (1976). Thus, we will address this assignment of error only as it pertains to Child R.

**[5]** In considering a motion to dismiss at the close of all evidence, the trial court must view the evidence in the light most favorable to the State. *State v. Taylor*, 344 N.C. 31, 45, 473 S.E.2d 596, 604 (1996). The test of the sufficiency of the evidence is whether a reasonable inference of defendant's guilt can be drawn from the evidence presented. *State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996). The Court must determine whether there is substantial evidence of each element of the crime charged. *State v. O'Rourke*, 114 N.C. App. 435, 441, 442 S.E.2d 137, 140 (1994). Substantial evidence includes relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* The trial court is not required to determine that the evidence "excludes every reasonable hypothesis of innocence before denying a defendant's motion to dismiss." *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991).

N.C. Gen. Stat. § 14-202.1 (1993) provides that a person is guilty of taking indecent liberties with a child under the age of sixteen if he either "(1) [w]illfully takes or attempts to take any immoral, improper, or indecent liberties . . . for the purpose of arousing or gratifying sexual desire; or (2) [w]illfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child . . . ." However, "[a] broad variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor." *State v. Baker*, 333 N.C. 325, 329-30, 426 S.E.2d 73, 76, *remanded*, 109 N.C. App. 643, 428 S.E.2d 476, *disc. review denied*, 334 N.C. 435, 433 S.E.2d 180 (1993). The actual touching of a child by a perpetrator is not required. *State v. Turman*, 52 N.C. App. 376, 377, 278 S.E.2d 574, 575 (1981).

Defense counsel only objects to the lack of evidence as to the sexual element with regard to Child R. The crime of taking indecent liberties with a minor is a specific intent crime. *State v. Craven*, 312 N.C. 580, 584, 324 S.E.2d 599, 602 (1985). A specific intent crime requires the State to prove that defendant "acted willfully or with purpose in committing the offense." *State v. Eastman*, 113 N.C. App. 347, 353, 438 S.E.2d 460, 463 (1994). However, a defendant's purpose in committing the act in an indecent liberties case is " 'seldom provable by direct evidence and must ordinarily be proven by inference.' " *State v. Jones*, 89 N.C. App. 584, 598, 367 S.E.2d 139, 147 (1988)

(quoting *State v. Campbell,* 51 N.C. App. 418, 421, 276 S.E.2d 726, 729 (1981)).

Viewing the evidence in the light most favorable to the State, there is evidence from which the jury could find the existence of a sexual element as to Child R. Whether defendant's actions were "for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." *Rhodes,* 321 N.C. at 105, 361 S.E.2d at 580. During the massages, defendant wore only his underwear while Child R wore only his shorts. Furthermore, testimony concerning defendant's similar pattern of behavior during massages with other young males was evidence from which the jury could reasonably conclude that the acts with Child R were committed to arouse defendant's sexual desire. Thus, this assignment of error is overruled.

For the foregoing reasons, we find that defendant's trial was free from error.

No error.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.