STATE OF NORTH CAROLINA v. STANLEY ARNOLD BROWN

No. COA05-943

(Filed 20 June 2006)

**1. Appeal and Error— preservation of issues—failure to object**

Defendant's contention that the trial court erred by admitting certain photographs was heard on appeal despite his failure to object at trial (a motion in limine is not sufficient) where he relied on the amended Evidence Rule 103(a) in effect at the time of trial, which has recently been held to be inconsistent with

Appellate Rule 10(b)(1). Refusing to review defendant's appeal would be a manifest injustice because he relied on a procedural statute presumed constitutional at the time of trial.

**2. Evidence— prior crimes or bad acts—admissible to show preparation and planning**

The trial court did not err in a trial for statutory sexual offense with a person thirteen years old by admitting nude photographs which defendant had shown to the victim. The photographs demonstrated defendant's preparation and planning, a permissible purpose other than showing defendant's character.

**3. Sexual Offenses— sexual act with thirteen-year-old—evidence sufficient**

The evidence was sufficient to convict defendant of a sexual act with a thirteen-year-old.

**4. Sexual Offenses— sexual act with thirteen-year-old—variance between indictment and evidence—time of offense**

There was not a fatal variance between the indictment and the evidence in a trial for a sexual act with a thirteen-year-old where defendant contended that the evidence showed that the victim was twelve years old during some of the time specified in the indictment, but the victim testified that she was thirteen when one of the offenses occurred. The trial court properly instructed the jury about what it must find to convict and defendant did not contend that he was deprived of the opportunity to present an adequate defense due to the variation.

Appeal by defendant from judgments entered 13 January 2005 by Judge Cy A. Grant in Hertford County Superior Court. Heard in the Court of Appeals 15 March 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.*

*William D. Spence for defendant-appellant.*

HUNTER, Judge.

Stanley Arnold Brown ("defendant") appeals from judgments entered 13 January 2005 consistent with jury verdicts finding him guilty of two counts of statutory sexual offense of a person thirteen years old. For the reasons stated herein, we find no error.

The evidence tends to show that defendant resided with the family of Sarah[1] for several years and was involved for some time in a relationship with Sarah's grandmother, her primary caretaker. During the summer and fall of 2003, defendant began to touch Sarah's breasts and vagina. Sarah was twelve years old at that time. In December of 2003, Sarah testified that while watching a movie in defendant's room, defendant pulled down her pants and placed his penis in her vagina. Sarah stated that a second incident occurred later while she was playing a video game in defendant's room. Defendant entered the room, threw her on the bed, pulled down her pants, and stuck his penis in her vagina. Sarah stated that her family moved away from defendant after her thirteenth birthday, 16 April 2004. Sarah testified that no further incidents occurred after her family moved away from defendant.

Testimony was also offered by Odie Rollings ("Rollings"), a federal inmate housed at the Pitt County Jail, in corroboration of Sarah's testimony. Rollings testified defendant told Rollings he had sex with Sarah twice. Rollings stated that defendant told him the first time he touched Sarah was in December 2003, and the second time was while defendant was in his room playing video games.

Defendant testified at trial that he had not touched Sarah inappropriately and had not raped her.

Defendant was convicted of two counts of statutory sex offense of a person thirteen years old, and was sentenced to consecutive sentences of 240 to 297 months. Upon motion to the trial court by the State, the judgment in 04CRS002310 was set aside. Defendant appeals from his judgment and conviction in 04CRS003406.

I.

[1] Defendant first contends the trial court erred in overruling defendant's motion *in limine* to exclude photographs of nude women and in admitting the photographs into evidence. We disagree.

Defendant relied on the amended Rule 103(a) of the North Carolina Rules of Evidence in effect at the time of trial, which directed, "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2005). This Court

---

1. Name changed to protect the identity of the juvenile pursuant to N.C.R. App. P. 26(g)(4).

has recently held Rule 103 to be inconsistent with Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. *State v. Tutt*, 171 N.C. App. 518, 521, 615 S.E.2d 688, 690 (2005) (footnote omitted) (stating that "Rule 103(a)(2) of the North Carolina Rules of Evidence is in direct conflict with Rule 10(b)(1) of the Rules of Appellate Procedure as interpreted by our case law on point[,]" in accord with previous Supreme Court opinions, *State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987), *State v. Bennett*, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983), and *State v. Elam*, 302 N.C. 157, 160, 273 S.E.2d 661, 664 (1981), striking down statutes providing review of errors even though no objection, exception or motion was made in the trial division). We note that we are bound by the prior decisions of this Court. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states, in part, that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C.R. App. P. 10(b)(1). "[A] motion *in limine* is not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." *State v. Grooms*, 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000). Defendant offered no objection to the admission of the photographs at issue at trial, and failed to·preserve the issue for review.

However, as defendant relied on a procedural statute presumed constitutional at the time of trial, it would be a manifest injustice to not review defendant's appeal on the merits. We therefore review this assignment of error in our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 2.; *see Tutt*, 171 N.C. App. at 524, 615 S.E.2d at 693 (invoking Rule 2 to review evidence in the Court's discretion to prevent manifest injustice).

**[2]** N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005) states in part that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

*Id.* In *State v. Williams*, 318 N.C. 624, 350 S.E.2d 353 (1986), evidence was offered by the defendant's wife, the victim's step-mother, that the

defendant had taken her and the victim to an X-rated drive-in movie with explicit sexual scenes, and had encouraged the victim to look at them. *Id.* at 626-27, 350 S.E.2d at 355. The defendant in *Williams* contended that such evidence was impermissible character evidence and should not have been admitted. *Id.* at 631, 350 S.E.2d at 357. *Williams* found that the evidence of the "daughter's presence at the film at defendant's insistence, and his comments to her show[ed] his preparation and plan to engage in sexual intercourse with her and assist[ed] in that preparation and plan by making her aware of such sexual conduct and arousing her." *Id.* at 632, 350 S.E.2d at 358.

In *State v. Rael*, 321 N.C. 528, 364 S.E.2d 125 (1988), the defendant also contended that the admission of evidence which included pornographic magazines and movies was error, as the items "tended to prove only the character of the defendant in order to show that he acted in conformity therewith." *Id.* at 534, 364 S.E.2d at 129. In *Rael*, the victim testified that on the day of the incident, the defendant had shown him pornographic magazines and movies. *Id.* at 533, 364 S.E.2d at 128. *Rael* found that the videotapes, magazines, and testimony concerning them were relevant to corroborate the victim's testimony, and were therefore admissible. *Id.* at 534, 364 S.E.2d at 129.

Here, Sarah testified that defendant showed her four photographs of nude adult women with whom she was acquainted prior to the first time defendant engaged in a sexual act with her, and that defendant told her that he was going to take similar pictures of her. Sarah further testified that defendant attempted to take pictures of her, but that defendant was unable to get her grandmother's camera. The admission of the photographs into evidence served to corroborate Sarah's testimony of defendant's actions and provided evidence of a plan and preparation to engage in sexual activities with her.

Unlike in the cases of *State v. Bush* and *State v. Smith* cited by defendant, where the proffered evidence at trial were not items shown to the victim, the photographs admitted here, like the movie in *Williams* and the videotapes and magazines in *Rael*, were shown to the victim and demonstrated defendant's preparation and planning to engage in sexual acts with the victim. *See State v. Bush*, 164 N.C. App. 254, 261, 595 S.E.2d 715, 719 (2004) (finding error in admission of pornographic videotapes when there was "no evidence that defendant provided pornographic videotapes to [the victim] or employed the tapes to seduce [the victim]"); *State v. Smith*, 152 N.C. App. 514, 522, 568 S.E.2d 289, 294 (2002) (holding "[e]vidence of defendant's mere possession of pornographic materials does not tend 'to make the

existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence' "). As the photographs were admitted for a permissible purpose other than to show defendant's character in conformity therewith, we find no error in the trial court's admission of the evidence. Defendant's assignment of error is overruled.

II.

**[3]** Defendant next contends the trial court erred in failing to dismiss the charges against defendant for insufficient evidence. We disagree.

" 'In ruling on a motion to dismiss the trial court is to consider the evidence in the light most favorable to the State.' " *State v. Buff*, 170 N.C. App. 374, 379, 612 S.E.2d 366, 370 (2005) (citation omitted). " 'In so doing, the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the evidence; contradictions and discrepancies do not warrant dismissal of the case— they are for the jury to resolve.' " *Id.* "The court is to consider all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State." *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982).

Defendant was charged with a violation of N.C. Gen. Stat. § 14-27.7A, statutory sexual offense of a person thirteen years old. N.C. Gen. Stat. § 14-27.7A(a) (2005) states:

A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

*Id.* Defendant here was indicted for commission of a sexual act with a thirteen-year-old. A sexual act for the purposes of the statute is defined as, "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body[.] N.C. Gen. Stat. § 14-27.1(4) (2005).

Defendant contends that insufficient evidence was offered to show that defendant committed a sexual act, in this case insertion of his finger into the victim's vagina, while she was thirteen years of age. A review of the transcript shows that Sarah testified that defendant "stuck his fingers in [her] vagina" while she was thirteen years old

and living at the address on South Drive her family shared with defendant. When taken in the light most favorable to the State, such testimony provides substantial evidence sufficient to survive a motion to dismiss for insufficient evidence. Defendant's assignment of error is overruled.

### III.

**[4]** Defendant finally contends the trial court erred in failing to dismiss the charges against defendant and in signing and entering judgment and commitment in 04CRS003406 because of a fatal variance in the indictment and the evidence at trial. We disagree.

> The purpose of an indictment is to give a defendant notice of the crime for which he is being charged; and it has long been established that
>
> "[a]n indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense."

*State v. Bowen*, 139 N.C. App. 18, 24, 533 S.E.2d 248, 252 (2000) (citations omitted). This Court has previously held that " 'the date given in the bill of indictment is not an essential element of the crime charged and the fact that the crime was in fact committed on some other date is not fatal.' " *State v. Burton*, 114 N.C. App. 610, 612, 442 S.E.2d 384, 386 (1994) (citation omitted). Further, we have recognized a "[j]udicial tolerance of variance between the dates alleged and the dates proved" in cases involving child sexual abuse. *Id.* at 613, 442 S.E.2d at 386; *see also State v. Norris*, 101 N.C. App. 144, 150-51, 398 S.E.2d 652, 656 (1990). "Unless a defendant demonstrates that he was deprived of the opportunity to present an adequate defense due to the temporal variance, the policy of leniency governs." *Burton*, 114 N.C. App. at 613, 442 S.E.2d at 386.

Defendant was indicted on the grounds that "between 3-01-04 and 6-30-04" he "unlawfully, willfully and feloniously did engage in a sexual act with [Sarah], a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim." At trial, evidence was presented that Sarah's thirteenth birthday was 16 April 2004. Defendant contends that as the evidence presented at trial showed that Sarah was twelve years of age for a portion of the time period specified in the indictment, a fatal variance occurred.

STATE v. BROWN

[178 N.C. App. 189 (2006)]

As discussed *supra* in Section II, Sarah specifically testified that one of the offenses occurred while she was thirteen years of age, prior to her move at the end of April, a date within the time period set out by the indictment. The trial court instructed the jury that:

> The defendant, Mr. Brown, has been charged with statutory sexual offense against a victim who was thirteen years old at the time of the offense. For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.
>
> First, that the defendant engaged in a sexual act with the victim. . . .
>
> *Second, that at the time of the act, the victim was thirteen years old.* Third, that at the time of the act, the defendant was at least six years older than the victim. And fourth, that at the time of the act, the defendant was not lawfully married to the victim.
>
> . . .
>
> [I]f you find from the evidence beyond a reasonable doubt that between the dates of March 1, 2004 and April 30, 2004, the defendant engaged in a sexual act with the victim who was thirteen years old by inserting his finger into the vagina of [Sarah], and that the defendant was at least six years older than the victim, and was not lawfully married to the victim, it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

(Emphasis added.) The trial court properly instructed the jury that they must find that the victim was thirteen years old at the time of the act in order to find defendant guilty, and evidence presented at trial supports this instruction. Defendant does not contend that he was deprived of the opportunity to present an adequate defense due to the temporal variance in the indictment. As the indictment was sufficient to inform defendant " 'of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense[,]' " we conclude no fatal variance existed between the indictment, the proof presented at trial, and the instructions given to the jury. *Bowen*, 139 N.C. App. at 24, 533 S.E.2d at 252 (citation omitted). Defendant's assignment of error is overruled.

As the trial court did not err in its admission of photographs or denial of defendant's motion to dismiss for insufficient evidence, and no fatal variance exists between the indictment and jury instructions, we find no error in defendant's conviction and judgment.

No error.

Judges HUDSON and BRYANT concur.