STATE OF NORTH CAROLINA
v.
JERMAINE SMALLS
No. COA08-1574
Court of Appeals of North Carolina
Filed: July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Calloway-Durham, for the State.
Glenn Gerding, for defendant-appellant.
ELMORE, Judge.
Defendant was charged with two counts of statutory sexual offense and three counts of indecent liberties with a child. Following a jury trial, defendant was found guilty of the two counts of statutory sex offense and one count of taking indecent liberties with a child, and not guilty of the remaining charges. Defendant was sentenced to two consecutive terms of 288 to 355 months imprisonment each, and a concurrent term of 19 to 23 months.
The evidence presented by the State tended to show that J.T., born 17 December 1990, left her home in Burlington around midnight on 31 July 2004 with a friend, D.G., to meet defendant and another male. J.T. had never met defendant or the other male. On 31 July 2004, defendant was thirty years old.
Defendant and the other male picked J.T. and D.G. up in Burlington and took them to an apartment in High Point. When they arrived at the apartment, J.T. and defendant initially stayed in the living room while D.G. and the other male went into a bedroom. Defendant sat next to J.T. on the couch and told her to come closer to him. J.T. was wearing a skirt, a halter top that tied at the top, and a half bra and thong underwear. Defendant began to rub her bare thigh, and asked her to sit on his lap, which she eventually did. Defendant started kissing J.T. and she stood up. Defendant then walked J.T. backwards into another bedroom. Defendant closed the door, took off his shirt, untied J.T.'s halter top, told her he was going to make her a woman, took off the rest of his clothes, and instructed her to perform oral sex on him. J.T. testified that because she was thirteen, she did not understand what defendant meant when he told her that he was going to make her a woman. J.T. did perform oral sex on defendant, and at some point defendant inserted a beer bottle into J.T.'s vagina.
Later that morning, the men took J.T. and D.G. back to Burlington. J.T. went to the Alamance County Sheriff's Department and subsequently gave a statement to Sergeant Roger Lloyd.
Detective Mark McNeil, who was retired at the time of trial, testified that he interviewed defendant. Defendant told Detective McNeil that he was thirty years old, that he and a friend, Dee or Duane, picked up two girls. Defendant also told Detective McNeil that the "short girl" gave him oral sex and he "played with her with the bottle." Defendant told Detective McNeil that it was a beer bottle and that he put the beer bottle "in her."
On appeal defendant argues that the trial court erred in denying his motion to dismiss the charge of indecent liberties because the State failed to present substantial evidence that he committed an immoral, improper, indecent liberty for the purpose of arousing or satisfying his sexual desire. Specifically, defendant contends that the State failed to introduce substantial evidence that his kissing of J.T.'s neck or rubbing her thigh was for the purpose of arousing him or gratifying his sexual desire.
In reviewing the denial of defendant's motion to dismiss, this Court must determine "whether there is substantial evidence  either direct, circumstantial, or both  to support a finding that the crime charged has been committed and that defendant was the perpetrator." State v. Clark, 325 N.C. 677, 682, 386 S.E.2d 191, 194 (1989) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984)(citation omitted). We assess the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence." Clark, 325 N.C. at 682, 386 S.E.2d at 194 (citation omitted).
The elements of taking indecent liberties with a child are:
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
N.C. Gen. Stat. § 14-202.1 (2007). Taking indecent liberties with a child is a specific intent crime. State v. Creech, 128 N.C. App. 592, 598, 495 S.E.2d 752, 756 (1998). However, defendant's purpose for committing the act of indecent liberties with a child is seldom proven by direct evidence, and often must be proven by inference. Id. "[T]hat the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." State v. Rhodes, 321 N.C. 102, 105, 361 S.E.2d 578, 580 (1987).
At trial, J.T. testified that she and defendant were alone in the living room of the apartment in High Point. Defendant sat beside J.T. on the couch and told her to come closer, and defendant started rubbing J.T.'s thigh. Eventually, defendant asked J.T. to sit on his lap and she complied. At this point, defendant started kissing J.T.'s neck and continued to rub on her thigh. Defendant then walked J.T. into a bedroom, closed the door and took off his shirt and eventually removed all of his clothing. Thereafter, defendant asked J.T. to perform oral sex on him. J.T. testified that defendant pushed her down and defendant "inserted his penis into [her] mouth and started ramming it down [her] throat."
We hold that, from this evidence, the jury could properly infer that defendant's actions in kissing J.T.'s neck and rubbing her thigh was for the purpose of arousing or gratifying his sexual desire. See State v. Etheridge, 319 N.C. 34, 352 S.E.2d 673 (1987); State v. Strickland, 77 N.C. App. 454, 335 S.E.2d 74 (1985). Thus, this argument is overruled.
No error.
Chief Judge MARTIN and Judge BRYANT concur.
Report per Rule 30(e).