STATE OF NORTH CAROLINA v. KENNETH MICHAEL OAKLEY

No. COA03-1709

(Filed 7 December 2004)

## 1. Evidence— prosecution for homosexual activity with minor—photographs of men—admissible

The court did not err in a prosecution for sexual activity by a substitute parent in ruling that the probative value of photographs of men found in defendant's home outweighed the danger of unfair prejudice. The photographs were corroborative of the victim's testimony and other witnesses had testified to defendant's sexual orientation. *Lawrence v. Texas*, 539 U.S. 558, recognizes autonomy and personal choice within personal relationships, but does not offer constitutional protection to evidence presented in a charge of criminally prohibited activity with minors.

## 2. Sexual Offenses— sexual activity by substitute parent— parental relationship—evidence sufficient

There was sufficient evidence of the parental relationship in a prosecution for sexual activity by a substitute parent where defendant, who initially had a sexual relationship with the 17-year-old boy's mother, obtained permission from the victim's parole officer for the victim to live with him and provided clothes, food, shelter, bail, and other support, and was more than a babysitter.

Appeal by defendant from judgment entered 20 March 2003 by Judge Dennis J. Winner in Alamance County Superior Court. Heard in the Court of Appeals 21 September 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Diane G. Miller, for the State.*

*Don Willey for defendant-appellant.*

**STATE v. OAKLEY**

[167 N.C. App. 318 (2004)]

HUNTER, Judge.

Kenneth Michael Oakley ("defendant") appeals from a judgment dated 20 March 2003 entered consistent with a jury verdict finding him guilty of two counts of sexual activity by a substitute parent. For the reasons stated within, we find no error.

The evidence tends to show that at the time of the occurrence, defendant was a twenty-three-year-old police officer employed by the Mebane Police Department and later the Alamance County Sheriff's Office. Defendant met sixteen-year-old Kevin W. O'Dell ("O'Dell") in 2000 while responding to a call at the home of O'Dell's mother, Janie Rook ("Rook"). Defendant was involved in a sexual relationship with Rook for approximately one year. During that time, defendant also spent time with O'Dell, buying him clothing, taking him on a weekend trip to a North Carolina beach, and on occasion letting O'Dell stay with him at the home he shared with another officer while O'Dell was having difficulty with Rook. During this time, O'Dell was arrested on a number of charges and was on juvenile, and later adult, probation for breaking and entering and various drug and alcohol related crimes.

On 1 January 2002, Rook had O'Dell, seventeen-years-old at that time, arrested for underage drinking and asked family members not to post bail for him. Defendant posted O'Dell's bond, signed the release forms as his temporary custodian, and took O'Dell home to stay with him. Defendant also obtained permission from O'Dell's parole officer for O'Dell to live with him. During and prior to the time O'Dell resided with defendant in January of 2002, defendant provided him food, clothing, and shelter, as well as gave him gifts. Defendant also had O'Dell tested for drugs. After a confrontation between O'Dell and defendant, defendant called the police and had O'Dell arrested for underage drinking on 27 January 2002. Defendant then filed a petition to have O'Dell involuntarily committed on 30 January 2002 for substance abuse treatment, again representing himself as O'Dell's temporary custodian.

O'Dell testified that he engaged in sexual activities with defendant in exchange for money during and prior to the time he resided with defendant. Defendant testified that he engaged in oral and anal sex with O'Dell while he resided with defendant.

Defendant was charged with and convicted of two counts of sexual activity by a substitute parent. Defendant was given a sus-

pended sentence of a term of twenty-four to thirty-eight months, and placed on supervised probation for thirty-six months. Defendant appeals.

I.

[1] By his first assignment of error, defendant contends the trial court erred in admitting certain photographs found in defendant's home, as the evidence was irrelevant to the charge and improperly prejudiced defendant in placing his sexual orientation on trial. We disagree.

The State, over defendant's objection, admitted a series of fifteen photographs that depicted a number of unidentified white males. Several of the photographs were identified as DMV photographs which could be downloaded from the Internet, some were photographs of inmates from a police lineup, and others were unidentified young, white males. Some of the photographs depicted males shirtless, some showed males in uniform and others showed males handcuffed. Defendant contends that admission of these photographs was irrelevant, immaterial, and grossly prejudicial as it improperly put defendant's sexual orientation on trial in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the North Carolina Constitution.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would without the evidence. N.C. Gen. Stat. § 8C-1, Rule 401 (2003). Relevant evidence is generally admissible except where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. N.C. Gen. Stat. § 8C-1, Rule 403 (2003). "[E]ven though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991).

In *State v. Creech*, the defendant was charged with multiple counts of indecent liberties with a minor and one count of crimes against nature. *See Creech*, 128 N.C. App. 592, 595, 495 S.E.2d 752, 754, *disc. review denied*, 348 N.C. 285, 501 S.E.2d 921 (1998). The victims in *Creech* were adolescent males. *Id.* at 593-94, 495 S.E.2d at 753.

The State submitted evidence of photographs found in the defendant's possession of male models and men in brief clothing. *Id.* at 596, 495 S.E.2d at 755. The defendant contended such admissions were unfairly prejudicial and that he was convicted because the jury viewed him as a homosexual after seeing the photographs. *Id.* The *Creech* Court found no prejudicial error in the introduction of the photographs, however, as defendant testified at trial as to his sexual encounters with men. *Id.* The Court also noted in *Creech* that other witnesses had referred to the defendant's sexual orientation before the photographs were entered, and that the photographs served to corroborate the testimony of other witnesses. *Id.* As a result, the Court found the probative value of the photographs substantially outweighed the danger of unfair prejudice to defendant's case. *Id.*

As in *Creech*, the State here contends that the photographs were offered to corroborate O'Dell's testimony regarding the sexual nature of his relationship with defendant. Further, defendant admitted to engaging in sexual intercourse with O'Dell at trial and other State witnesses had referred to defendant's sexual orientation prior to the introduction of the photographs. Therefore, we find no error in the trial court's ruling that the probative value of the photographs outweighed the danger of unfair prejudice to defendant by introduction of such evidence.

Defendant contends that the United States Supreme Court's recent decision in *Lawrence v. Texas*, 539 U.S. 558, 156 L. Ed. 2d 508 (2003), overturning its prior holding in *Bowers v. Hardwick*, 478 U.S. 186, 92 L. Ed. 2d 140 (1986), established constitutional protection for decisions of personal autonomy which extends to homosexual relationships, and therefore admission of evidence which showed defendant to be homosexual was grossly prejudicial. *See Lawrence*, 539 U.S. at 578, 156 L. Ed. 2d at 525-26.

However, a close review of *Lawrence* shows the decision specifically noted that, unlike more recent same-sex sodomy statutes, the historical record supports enforcement of sodomy statutes in situations involving adults and minors.

> Laws prohibiting sodomy do not seem to have been enforced against consenting adults acting in private. A substantial number of sodomy prosecutions and convictions for which there are surviving records were for predatory acts against those who could not or did not consent, as in the case of a minor or the victim of

an assault. As to these, one purpose for the prohibitions was to ensure there would be no lack of coverage if a predator committed a sexual assault that did not constitute rape as defined by the criminal law. Thus the model sodomy indictments presented in a 19th-century treatise addressed the predatory acts of an adult man against a minor girl or minor boy.

*Lawrence*, 539 U.S. at 569, 156 L. Ed. 2d at 519-20 (citation omitted). The Court further noted the narrow scope of its ruling by stating that, "[t]he present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Id.* at 578, 156 L. Ed. 2d at 525. Thus, Lawrence's recognition of autonomy and personal choice within consensual adult relationships does not offer constitutional protection to evidence presented in a charge of criminally prohibited activity with minors, as is the case *sub judice*. *See State v. Clark*, 161 N.C. App. 316, 321, 588 S.E.2d 66, 68-69 (2003). Therefore, we find no prejudicial error in the trial court's admission of the photographs.

## II.

**[2]** Defendant next contends the trial court erred in denying defendant's motions to dismiss and to set aside the verdict for insufficient evidence that defendant has assumed the position of a parent in the victim's home. We disagree.

When reviewing challenges to the sufficiency of the evidence in criminal trials, the evidence must be reviewed in the light most favorable to the State. *See State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). The State receives the benefit of all reasonable inferences, and any contradictions or discrepancies are for the jury to resolve. *Id.*

Here, defendant was charged with the crime of sexual activity by a substitute parent. N.C. Gen. Stat. § 14-27.7(a) (2003). This crime requires a finding that the defendant had (1) assumed the position of a parent in the home, (2) of a minor victim, and (3) engaged in a sexual act with the victim residing in the home. *Id.*

In *State v. Bailey*, this Court recently held that in order to find a parental relationship for the purposes of § 14-27.7(a), "evidence of the relationship between the defendant and child-victim must provide support for the conclusion that the defendant functioned in

a parental role. Such a parental role will generally include evidence of emotional trust, disciplinary authority, and supervisory responsibility." *Bailey,* 163 N.C. App. 84, 93, 592 S.E.2d 738, 744 (2004).

Here, evidence presented at trial showed that defendant, a law enforcement officer, was a friend of the family and initially involved in a sexual relationship with O'Dell's mother. Defendant provided clothing for O'Dell, took him to court dates, and allowed O'Dell to stay with him on occasion. Following defendant's bailment of O'Dell in 2002, defendant represented himself as O'Dell's temporary custodian and obtained permission from O'Dell's parole officer for O'Dell to live with him. Defendant paid for all of O'Dell's support during this time, including food, shelter, gifts and spending money. Further, defendant had O'Dell tested for drugs and alcohol, had O'Dell arrested for underage drinking, and again represented himself as O'Dell's temporary custodian in seeking an evaluation of him for involuntary civil commitment for substance abuse. Unlike in *Bailey,* where the evidence tended to show that the defendant was merely a babysitter, 163 N.C. App. at 94, 592 S.E.2d at 745, the evidence in this case, when viewed in the light most favorable to the State, provides evidence of emotional trust, disciplinary authority, and supervisory responsibility by defendant towards O'Dell.

Defendant does not dispute the other elements of the offense, namely that O'Dell, seventeen-years-old, was a minor when the offenses occurred and that defendant, twenty-three years old, was an adult. Further, defendant himself testified as to the occurrence of sexual acts with O'Dell. Therefore, as sufficient evidence of all the elements was presented to reach the jury as to the charge of sexual offense of a person in a parental role, the trial court did not err in its denial of defendant's motions to dismiss and to set aside the verdict for insufficient evidence.

III.

Defendant raises three additional assignments of error in his brief in a section entitled Preservation Claims, but cites no authority in support of these claims. " 'Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.' " *State v. Lloyd,* 354 N.C. 76, 87, 552 S.E.2d 596, 607 (2001) (quoting N.C.R. App. P. 28(b)(6)). Defendant's additional assignments of error are therefore deemed abandoned.

For the above reasons, we find the trial court did not err in admitting the challenged State's evidence and properly concluded there was sufficient evidence to deny defendant's motion to dismiss.

No error.

Judges WYNN and THORNBURG concur.