IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-424

No. COA20-514

Filed 17 August 2021

Robeson County, No.17CRS52120

STATE OF NORTH CAROLINA

v.

LA-AMEL CLARENCE MCDOUGALD

Appeal by Defendant from final judgment entered 18 November 2019 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 8 June 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Alexander G. Walton, for the State-Appellee.*

*Unti & Smith, PLLC by Sharon L. Smith for the Defendant.*

CARPENTER, Judge.

¶ 1 La-Amel Clarence McDougald ("Defendant") appeals the trial court's denial of his motion for a mistrial and the judgment entered 18 November 2019, after a jury found him guilty of robbery with a dangerous weapon. Defendant also appeals on the basis of Ineffective Assistance of Counsel ("IAC"). We find the trial court did not err in denying the motion for mistrial; accordingly, we affirm the trial court and dismiss Defendant's IAC claim without prejudice.

## I. Factual Background and Procedural History

¶ 2        Gary McLean ("Mr. McLean") owned a video game store in Red Springs, North Carolina. While working at his store on 1 April 2017, Mr. McLean became the victim of an armed robbery. Mr. McLean testified an SUV arrived at the store and two men jumped out, one wearing a mask and the other not wearing a mask. The unmasked man confronted Mr. McLean with an assault rifle; told him to get on the ground; and took his wallet, cell phone, and approximately $400 in cash. Mr. McLean reported the robbery to the Robeson County Sheriff's Office and identified Defendant as one of the assailants from a photographic lineup shown to him by Detective Craig Smith.

¶ 3        Defendant was tried in Superior Court on 18 November 2019 on one count of conspiracy to commit robbery with a dangerous weapon and one count of robbery with a dangerous weapon. At trial, Detective Smith testified he prepared the photographic lineup by accessing photos from the "jail archives." Defendant's trial counsel objected to Detective Smith's testimony concerning the photographic lineup, contending the testimony unfairly prejudiced Defendant. The trial court sustained the objection and instructed the jury, "the objection is sustained . . . [y]ou are not to consider the last response of the witness at this time as evidence." Defendant testified that he was present at the scene to "buy some pills," but denied taking part in the robbery. On cross-examination, Defendant admitted to multiple criminal convictions including common law robbery, felony assault inflicting serious bodily injury, and one count of

possession of firearm by a felon. Defense counsel later made a motion for mistrial, which was denied. The trial court dismissed the conspiracy charge upon Defendant's motion at the close of the State's evidence, but the jury found Defendant guilty of robbery with a dangerous weapon. Defendant gave oral notice of appeal in court on 19 November 2019.

## II. Jurisdiction

¶ 4        This Court has jurisdiction over the final judgment entered by the trial court on 18 November 2019 under N.C. Gen. Stat. § 7A-27(b)(1) (2019) and N.C. Gen. Stat.§ 15A-1444(a) (2019).

## III. Issues

¶ 5        The issues presented on appeal are: (1) whether the trial court erred in denying Defendant's motion for a mistrial after Detective Smith testified the photographs used in the jail lineup were obtained from "jail archives"; and (2) whether Defendant's Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to challenge the photographic lineup's compliance with the Eyewitness Identification Reform Act ("EIRA").

## IV. Analysis

### A. *Denial of Defendant's Motion for Mistrial*

¶ 6        Defendant argues the trial court improperly denied his motion for mistrial because the court's instruction to the jury on Detective Smith's testimony was

insufficient to cure its prejudicial effect. Accordingly, Defendant argues the trial court abused its discretion in denying the motion for mistrial. We disagree.

### 1. Standard of Review

¶ 7        This Court reviews a trial court's denial of a motion for mistrial under an abuse of discretion standard. *State v. Simmons*, 191 N.C. App. 224, 227, 662 S.E.2d 559, 561 (2008).

### 2. Discussion

¶ 8        The trial court "*may* declare a mistrial at any time during the trial," but the court "*must* declare a mistrial upon the defendant's motion if there occurs during the trial an error . . . resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2019) (emphasis added). Whether a defendant's case has been irreparably and substantially prejudiced is a decision within the "sound discretion" of the trial court and will not be disturbed absent an abuse of discretion. *See State v. Williamson,* 333 N.C. 128, 138, 423 S.E.2d 766, 772 (1992) ("The decision of the trial judge is entitled to great deference since he is in a far better position than an appellate court to determine whether the degree of influence on the jury was irreparable.").

¶ 9        In determining the prejudicial effect of evidence, this Court looks to "the nature of the evidence and its probable influence upon the minds of the jury in reaching a verdict." *State v. Aycoth*, 270 N.C. 270, 272, 154 S.E.2d 59, 60 (1967). "When the

trial court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured." *State v. Black*, 328 N.C. 191, 200, 400 S.E.2d 398, 404 (1991). However, some instructions from a trial court are insufficient to cure prejudice. *See Aycoth*, 270 N.C. at 272-73, 154 S.E.2d at 60-61 *citing State v. Aldridge*, 254 N.C. 297, 118 S.E. 2d 766 (1961) (Whether the prejudicial effect of such incompetent statements should be deemed cured by such instructions depends upon the nature of the evidence and the circumstances of the particular case."). Thus, we first address whether Defendant was prejudiced by Detective Smith's testimony, and second, address whether the trial court's instruction to the jury was curative.

a. Prejudicial Nature of Detective Smith's Testimony

¶ 10      At trial, Detective Smith testified the photographs used in compiling the photographic lineup were obtained from the "jail archives." Defendant specifically argues this testimony was prejudicial, as it "directly informed the jury [Defendant] had previously been arrested" and had a criminal history. Defendant argues this testimony is analogous to the testimony in *State v. Aycoth*, 270 N.C. 270, 154 S.E.2d 59 (1967), and thus a motion for mistrial should have been granted. We disagree.

¶ 11      In *Aycoth*, the North Carolina Supreme Court recognized that, generally, in a prosecution for a particular crime "the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." *Id.* at 272, 154 S.E.2d at 60. The Court further recognized that in some instances,

because of the "serious character and gravity of the incompetent evidence," it is difficult for the jury to erase it from their minds. *Id.* at 272, 154 S.E.2d at 60. In *Aycoth*, a witness for the State testified the car he saw at the scene of the crime belonged to the defendant because it was the same car the defendant drove when he was arrested for murder. *Aycoth*, 270 N.C. at 272, 154 S.E.2d at 60. The *Aycoth* Court held such testimony was prejudicial as it suggested to the jury the defendant committed murder, and the trial court could not proceed without material prejudice to the defendant. *Id.* at 273, 154 S.E.2d at 61. Accordingly, the Court reversed the trial court's denial of a motion for mistrial. *Id.* at 273, 154 S.E.2d at 61.

¶ 12     The testimony in this case is distinguishable from the testimony in *Aycoth*. Detective Smith testified the pictures he used for the photographic lineup were obtained from the "jail archives," whereas the witness in *Aycoth* specifically testified that the defendant had been arrested for murder. *See Aycoth*, 270 N.C. at 272, 154 S.E.2d at 60. In the case at bar, Detective Smith's testimony is not specific and does not amount to evidence "tending to show that the accused has committed another distinct, independent, or separate offense." *Aycoth*, 270 N.C. at 272, 154 S.E.2d at 60. Detective Smith's testimony did not "directly inform[] the jury that [Defendant] had previously been arrested," as Defendant claims.

¶ 13     Further, in *State v. Moore*, the Supreme Court did not overturn a trial court's denial of a motion for mistrial after a witness testified Moore had previously "killed

one person," and the trial court instructed the jury not to consider that testimony. *State v. Moore*, 276 N.C. 142, 148, 171 S.E.2d 452, 457 (1970). In response to numerous questions, a witness stated four times that he knew Moore "killed one person." *Id.* at 148, 171 S.E.2d at 457. The *Moore* Court held the defendant was not prejudiced as the testimony did not suggest that he had been arrested, tried, or convicted. *See Moore*, 276 N.C. at 149, 171 S.E.2d at 458 (holding the question "was the killing accidental, in self-defense, or felonious?" contained no suggestion the homicide was the result of a criminal act or that defendant had been prosecuted for it.). Similarly, in this case, Detective Smith testified the photographs for the lineup were from the "jail archives," and there was no mention of Defendant's arrests, convictions, or other criminal history. *See Moore*, 276 N.C. at 149, 171 S.E.2d at 457. The testimony at issue in the case at bar is more indefinite than the testimony in *Moore*. *See Moore*, 276 N.C. at 148, 171 S.E.2d at 457. Therefore, we hold Defendant was not prejudiced by the testimony.

¶ 14        Additionally, if there was any difficulty for the jurors to erase from their mind the fact of Defendant's criminal history, *see Aycoth*, at 272, 154 S.E.2d at 60, Defendant created the difficulty himself. In *Moore*, the Supreme Court held there were no subsequent statements at trial that emphasized the witness's inconclusive testimony that Moore "killed one person." *Moore*, 276 N.C. at 147, 171 S.E.2d at 457. Here, the only statements that directly informed the jury of Defendant's criminal

history were made by Defendant himself on both direct and cross-examination. Thus, Defendant was not prejudiced by Detective Smith's testimony.

b. Curative Nature of Trial Court's Instruction

¶ 15    Notwithstanding our holding the testimony was not prejudicial, we address the curative nature of the trial court's instruction to the jury. Defendant argues the trial court's instruction to the jury to "not consider the last response of the witness at this time as evidence," was vague and insufficient to cure the prejudice of Detective Smith's testimony. We disagree.

¶ 16    Ordinarily, when a trial court instructs the jury not to consider prejudicial evidence, the prejudice is cured. *See State v. Black*, 328 N.C at 200, 400 S.E.2d at 404. North Carolina courts have long recognized the presumption jurors will understand and comply with those instructions. *See State v. Self*, 280 N.C. 665, 672, 187 S.E.2d 93, 97 (1972) ("[O]ur system for the administration of justice through trial by jury is based upon the assumption that the trial jurors are men of character and of sufficient intelligence to fully understand and comply with the instructions of the court, and are presumed to have done so.") *citing Wilson v. Branning Mfg. Co.*, 120 N.C. 94, 26 S.E. 629 (1897)). Further, this Court has recognized instructions as curative when counsel immediately objects, and the trial court sustains the objection and issues a curative instruction. *See State v. Sheridan*, 263 N.C. App. 697, 705, 824 S.E.2d 146, 153 (2019) (holding after defense counsel's immediate objection, which

was sustained, the trial court gave a sufficiently curative instruction to the jury by stating: "with regard to the last remark by this witness you are to disregard that remark and not consider it as part of your consideration towards a deliberation to a verdict in this case.").

¶ 17        In the case *sub judice*, following Detective Smith's testimony regarding the photos used in the photographic lineup, defense counsel objected and the objection was sustained. The trial court then instructed the jury: "the objection is sustained . . . [y]ou are not to consider the last response of the witness at this time as evidence." Here, the similarity to the instruction in *Sheridan* is compelling. *See id.*, 263 N.C. App. at 705, 824 S.E.2d at 153. Therefore, we hold the trial court's instruction to the jury cured any prejudice of Detective Smith's testimony. Further, we must respect the presumption the jurors both understood and complied with those instructions. *See State v. Self*, 280 N.C. at 672, 187 S.E.2d at 97.

¶ 18        Detective Smith's testimony was not prejudicial and the trial court's instruction cured any prejudice to Defendant from that testimony. Accordingly, we hold the trial court did not abuse its discretion by denying the Defendant's motion for a mistrial.

## B. *Ineffective Assistance of Counsel*

¶ 19        Defendant next argues that his counsel's failure to challenge the photographic lineup's compliance with the Eyewitness Identification Reform Act violated his Sixth

Amendment right to effective assistance of counsel.

1. Standard of Review

This Court reviews claims of the ineffective assistance of counsel ("IAC") *de novo*. *State v. Fisher*, 318 N.C. 512, 531-34, 350 S.E.2d 334, 345-47 (1986). To establish a claim for IAC, a defendant first must prove counsel's performance was "deficient," meaning counsel functioned below an "objective standard of reasonableness" under prevailing professional norms. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006); *citing Strickland v. Washington*, 466 U.S. 668, 697-98, 104 S.Ct. 2052, 2069 (1984). Secondly, a defendant must prove the deficient performance prejudiced him, meaning there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *State v. Allen* 360 N.C. at 316, 626 S.E.2d at 286 (*quoting Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068).

2. Discussion

Defendant argues counsel's failure to challenge the photographic lineup's compliance with the EIRA amounted to deficient performance. The EIRA requires photographic lineups to be administered by an "independent administrator," meaning someone "who is not participating in the investigation . . . and is unaware of which person in the lineup is the suspect." N.C. Gen. Stat. § 15A-284.52 (2019). Defendant argues that if a motion to suppress the photographic lineup had been filed, or if

defense counsel challenged Detective Smith on cross-examination, this would have triggered the mandated jury instruction under N.C. Gen. Stat. § 15A-284.52(d)(3).

¶ 22        IAC claims are proper to address on direct appeal "when the cold record reveals that no further investigation is required." *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 524 (2001). However, "claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001) (*citing State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985)). Further, if certain evidentiary issues may need to be developed, this Court should dismiss the IAC claim without prejudice to Defendant's right to reassert it in a Motion for Appropriate Relief. *See State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) ("should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [Motion for Appropriate Relief] proceeding.").

¶ 23        In this case, we cannot properly assess the IAC claim on direct appeal because there has been no evidentiary hearing on this issue, and the "cold record" is not dispositive. *See State v. Kinch*, 314 N.C. 99, 106, 331 S.E.2d 665, 669 (1985) (concluding same); *Fair*, 354 N.C. at 166, 557 S.E.2d at 524 (citations omitted) (Ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e.,

claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing."); *State v. House*, 340 N.C. 187, 196, 456 S.E.2d 292, 297 (1995) (declining to adjudicate ineffective assistance of counsel claim where record was silent as to whether defendant consented to his counsel's argument regarding his guilt and determining that said issue was appropriately deferred for consideration in a motion for appropriate relief). Therefore, we dismiss Defendant's IAC claim without prejudice to his right to file a Motion for Appropriate Relief in the trial court.

Should this issue be raised below in a Motion for Appropriate Relief, the trial court may "take evidence, make findings of fact and conclusions of law, and order review of all files and oral thought patterns of trial counsel and client that are determined to be relevant to defendant's allegations of ineffective assistance of counsel." *State v. Buckner*, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000).

## V. Conclusion

We hold the trial court did not abuse its discretion in denying Defendant's motion for a mistrial. The testimony of Detective Smith was not prejudicial to Defendant, and even if it was, the trial court's instruction was curative. Moreover, we dismiss Defendant's IAC claim without prejudice to his right to reassert the claim in a motion for appropriate relief.

NO PREJUDICIAL ERROR IN PART AND DISMISS IN PART.

Judge DIETZ concurs.

Judge MURPHY concurs in part and concurs in result only in part.

MURPHY, Judge, concurring in part and concurring in result only in part.

I cannot join with the Majority in its determination in Part IV(A)(2)(a), specifically that "Defendant was not prejudiced by the testimony [that his photo was available as part of the jail records]." *Supra* at ¶ 13. The testimony in this matter was of the same substance as the witness's testimony in *Aycoth* regarding "when [the defendant] was indicted for murder."[1] *State v. Aycoth*, 270 N.C. 270, 272, 154 S.E.2d 59, 60 (1967). "The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." *Id.* (marks omitted). Similar to the improper testimony in *Aycoth*, the testimony informed the jury that Defendant had a criminal history of some sort. As a result, Defendant was prejudiced by this testimony.

However, as instructed by our Supreme Court in *Aycoth* and throughout our jurisprudence, as properly noted by the Majority, "Ordinarily where the evidence is withdrawn no error is committed. . . . Whether the prejudicial effect of such incompetent statements should be deemed cured by such instructions depends upon the nature of the evidence and the circumstances of the particular case." *Id.* at 272-273, 154 S.E.2d at 61 (citations omitted); *see supra* at ¶ 16. While I do not join the

---

[1] The Majority mistakenly refers to the defendant in *Aycoth* having been "arrested for murder," rather than having been "indicted for murder." *Supra* at ¶¶ 11, 12; *State v. Aycoth*, 270 N.C. 270, 272, 154 S.E.2d 59, 60 (1967). Admittedly, the testimony in *Aycoth* regarding an arrest may be referring to the indicted murder, but the recitation of the testimony leaves this ambiguous. *See id.*

*MURPHY, J. concurring in part and concurring in result only in part.*

Majority in holding Defendant was not prejudiced by this testimony, I do join the Majority in its prejudice analysis in Part IV(A)(2)(b).  *Supra* at ¶¶ 15-18.  As a result, I concur in the result reached regarding the trial court's denial of Defendant's motion for a mistrial.  I otherwise join the Majority's opinion in full.