STATE OF NORTH CAROLINA v. JOHN THOMAS SATTERFIELD, JR.

No. 576A84

(Filed 18 February 1986)

**Criminal Law § 73.1— hearsay—conduct equivalent to statement—admission as prejudicial error**

 The trial court in a prosecution for first degree rape and armed robbery erred in the admission of testimony by a detective that defendant's father, in response to an inquiry, showed the police the drawer where a knife was supposedly kept, since the conduct of defendant's father was the equivalent of a statement, and the detective's testimony constituted hearsay evidence. Furthermore, the admission of the hearsay testimony was prejudicial error since it was the only evidence at trial tending to corroborate the victim's testimony regarding the identification of defendant and his use of a knife. N.C.G.S. § 8C-1, Rules 801 and 802.

 Justice MARTIN dissenting.

APPEAL by the defendant from the judgment of *McLelland, J.,* entered 12 September 1984 in Superior Court, ALAMANCE County.

The defendant was convicted of armed robbery and first degree rape. He received a sentence of imprisonment for fourteen years for the armed robbery conviction and a life sentence for the first degree rape conviction. The defendant appealed the rape conviction to the Supreme Court as a matter of right under N.C.G.S. § 7A-27(a). On 7 March 1985, the Supreme Court allowed the defendant's motion to bypass the Court of Appeals on his appeal in the armed robbery case. Heard in the Supreme Court 17 October 1985.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., First Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant brings forth several assignments of error. We need address only one of them, however, since we hold that the trial court's error in allowing the admission of certain hearsay evidence entitles the defendant to a new trial.

The State's evidence tended to show that on 5 December 1983 the defendant went to the home of Mrs. Sarah G. Dill, a sixty-seven-year-old widow, and asked to use the bathroom. Mrs. Dill had known the defendant, a friend of her children, for more than ten years. The defendant stayed in the bathroom for twenty minutes. After the defendant left the bathroom, he walked towards the front door where Mrs. Dill was standing, produced a hawkbill knife and put it against Mrs. Dill's throat.

The defendant demanded money from Mrs. Dill. When asked why, the defendant replied that he was a junky. After her attempts to change his mind failed, Mrs. Dill gave the defendant thirty dollars from her pocketbook. He then dragged her down the hall into the bedroom, told her he wanted her body, put her on the bed and raped her. The defendant stuck her stomach with the knife. She testified that this caused a slight wound which bled and stained her clothes. As he left the defendant threatened further harm if Mrs. Dill told anyone what had happened.

Several hours after the alleged attack occurred, Mrs. Dill was examined by an emergency room physician. He testified that he did not discover any cuts across Mrs. Dill's stomach area.

In a statement to the police, Mrs. Dill stated that the defendant told her the knife belonged to his father, and he was going to take it home and put it back in a drawer. At trial Detective Gary W. Barrow testified to the following:

Q. Now there was reference made in State's Exhibit Number 1 about Mr. Satterfield stating that the knife was his father's knife?

A. Yes, sir, there was.

Q. As a result of Mrs. Dill's statement, what did you do about the knife?

A. Sergeant Jordan and I went to the residence of Mr. Satterfield's parents.

. . . .

Q. And when you got there, say whether or not you asked Mr. Satterfield, Sr., about whether or not he kept a knife in a drawer in his house.

A. Yes, sir, we did.

Q. As a result of that question, say whether or not Mr. Satterfield showed you any place in the house.

A. He showed us a chest of drawers located in the house, where the knife was supposedly kept.

MR. THOMPSON: Objection and move to strike.

THE COURT: Overruled. Denied.

EXCEPTION No. 2.

Q. Now without saying what Mr. Satterfield, Sr., said to you, what, if anything, did you observe him do at this chest of drawers?

A. The top drawer of the chest of drawers was pulled open, and there was no knife located in the drawer.

No knife was ever found by the police during the investigation of this case.

The defendant presented evidence tending to show that he was with friends at the time of the alleged robbery and rape. He specifically denied being in the victim's home on that morning. The defendant said that he had a brief sexual relationship with Mrs. Dill fifteen years earlier and that she had recently suggested that they renew the relationship. On rebuttal, Mrs. Dill denied any earlier sexual relationship with the defendant.

The defendant assigns as error the trial court's denial of his objection and motion to strike Detective Barrow's testimony that the defendant's father "showed us a chest of drawers located in the house, where the knife was supposedly kept." The defendant contends that the testimony was hearsay and was inadmissible under N.C.G.S. § 8C-1, Rule 802. He further contends that the hearsay evidence was extremely prejudicial because it was the only evidence which tended to corroborate Mrs. Dill's identification of the defendant and her testimony regarding the knife. We agree.

Rule 801 of the North Carolina Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to

prove the truth of the matter asserted." N.C.G.S. § 8C-1, Rule 801(c). A "statement" may be a written or oral assertion or nonverbal conduct intended by the declarant as an assertion. N.C.G.S. § 8C-1, Rule 801(a). An act, such as a gesture, can be a statement for purposes of applying rules concerning hearsay. *See State v. Fulcher*, 294 N.C. 503, 517, 243 S.E. 2d 338, 348 (1978) (decided before adoption of the North Carolina Rules of Evidence).

In *State v. Suits*, 296 N.C. 553, 251 S.E. 2d 607 (1979), the trial court allowed the State to present evidence that the police went to the defendant's home and asked his wife if he had a knife. In response to the inquiry, the wife left the room and returned with a small pocketknife. This Court concluded that such "conduct was the equivalent of the wife stating, 'Yes, the defendant has a knife, and here it is.' " 296 N.C. at 558, 251 S.E. 2d at 609.

In the present case, the defendant's father, in response to an inquiry, showed the police the drawer where the knife was supposedly kept. Similar to the situation in *Suits*, this conduct by the defendant's father was the equivalent of a statement that "This drawer is where I kept the knife, and it is gone." The conduct was a "statement" within the meaning of Rule 801(a).

The State offered the evidence to prove the existence of a knife and its use by the defendant as testified by Mrs. Dill. Therefore, the testimony regarding the defendant's father's conduct was hearsay and inadmissible under Rule 802. *See State v. Tilley*, 292 N.C. 132, 232 S.E. 2d 433 (1977). Its admission was error.

Since the knife was not introduced into evidence and the physician found no cuts on Mrs. Dill, Mrs. Dill's testimony was the only evidence that she had been cut. The inadmissible hearsay was the only evidence at trial tending to corroborate her testimony regarding the defendant's use of the knife. The introduction of the evidence created a reasonable possibility that a "different result" would be reached at trial. N.C.G.S. § 15A-1443(a). Therefore, the defendant is entitled to a new trial.

We do not reach the remaining issues addressed by the defendant as they are unlikely to arise in a new trial.

New trial.

Justice MARTIN dissenting.

Believing as I do that no prejudicial error occurred in defendant's trial, I respectfully dissent. The majority holds that prejudicial error occurred when the state's witness answered the one question to which defendant belatedly objected and then moved to strike the answer. This answer in effect stated that Mr. Satterfield, defendant's father, showed the officers a chest of drawers in the house where the knife was supposedly kept.

This testimony must be considered in the light of the other evidence in determining if error was committed by the trial judge in denying the motion to strike. The state had already introduced evidence without objection that defendant told Mrs. Dill, the victim, that the knife which he used to threaten her during the robbery and rape belonged to his father and that he was going to carry it back home and put it back in the drawer. Further, immediately after the challenged testimony, the officer testified without objection: "The top drawer of the chest of drawers was pulled open, and there was no knife located in the drawer."

This Court has long held that where evidence is admitted over objection, but evidence of the same import has theretofore or thereafter been admitted without objection, the benefit of the objection is lost. *State v. Maccia*, 311 N.C. 222, 316 S.E. 2d 241 (1984); *State v. Murray*, 310 N.C. 541, 313 S.E. 2d 523 (1984); *State v. Corbett*, 307 N.C. 169, 297 S.E. 2d 553 (1982); 1 Brandis on North Carolina Evidence § 30 (1982). This rule applies to the facts of this case.

The majority relies upon *State v. Suits*, 296 N.C. 553, 251 S.E. 2d 607 (1979). However, *Suits* involved a wife's testimony being used against her husband. The testimony was incompetent because of the statute, and there was no waiver of the objection by the admission of similar unobjected-to testimony. This appeal is not affected by a statutory prohibition of evidence as occurred in *Suits*.

Even assuming that any error was not lost by defendant, the testimony in my view was not prejudicial error. There is just no *reasonable* possibility that absent the challenged testimony a different result would have been reached. *State v. Powell*, 306 N.C. 718, 295 S.E. 2d 413 (1982); N.C.G.S. § 15A-1443(a) (1985). The

state's evidence was strong and direct. Mrs. Dill, a sixty-seven-year-old black woman, had known the defendant for years; her children had gone to school with him. Defendant, thirty-four years old, made no effort to disguise his appearance. Defendant does not contend that a knife was not used in the assault upon Mrs. Dill; he relies entirely upon alibi, saying that he was with his girlfriend until she went to work; he then drank beer and wine with his friend Buck. He denied that he saw Mrs. Dill at all on the day in question.

I find that defendant had a fair trial, free of prejudicial error.