IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-848

No. COA22-257

Filed 20 December 2022

Sampson County, Nos. 19 CRS 50518-50519

STATE OF NORTH CAROLINA

v.

JERMELLE LEVAR SMITH

Appeal by Defendant from judgments entered 27 October 2021 by Judge Imelda J. Pate in Sampson County Superior Court. Heard in the Court of Appeals 5 October 2022.

*Epstein Sherlin PLLC by Drew Nelson, for Defendant-Appellant.*

*Attorney General Joshua H. Stein by Assistant Attorney General Stacey A. Phipps, for the State.*

WOOD, Judge.

¶ 1    Defendant Jermelle Levar Smith ("Defendant") appeals from judgments entered upon a jury verdict of guilty of three counts of trafficking opium or heroin, one count of possession with the intent to sale or deliver oxycodone, and one count of selling or delivering a Schedule II controlled substance. Defendant contends that the trial court erred by allowing the jury to view video recorded by a non-testifying confidential informant without first redacting the date and time-stamp from the

video. For the reasons below, we conclude Defendant received a fair trial free from error.

## I. Factual and Procedural Background

On 23 February 2018, the Sampson County Sheriff's Office conducted an undercover drug operation involving Defendant. Deputy Alphus Fann, Jr., ("Deputy Fann"), a 12-year veteran of the Sheriff's department, lead the operation and Deputy Crystal Gore ("Deputy Gore"), a 16-year law enforcement officer, assisted. The deputies utilized two confidential informants, Mr. Figueroa and Mr. Cruz, ("collectively, informants"), to conduct the purchasing of a controlled substance from Defendant. Figueroa had previous drug charges.

On the day of the undercover operation and prior to arriving at the location where the transaction would occur, the deputies provided Figueroa with buy money and outfitted Cruz with a watch featuring an internal video camera. Deputy Fann checked the device to ensure there was not data already on it and verified it was blank. The watch operates like a flash drive and connects to a computer via a USB plug so the recordings can be downloaded. A video recording can be deleted by the wearer of the device, but it cannot be edited or altered. Before leaving for the location where they would be meeting Defendant, the deputies searched both informants and their vehicle for weapons and drugs.

¶ 4        During the transaction, the deputies continued to surveil the informants from nearby.  The video recording taken by the watch worn by Cruz showed the following: the informants entered a home, engaged Defendant, and subsequently exchanged money in return for a baggie containing eleven white pills.  Once this transaction was completed, the informants returned the watch and the pills to the awaiting deputies and were searched again.

¶ 5        Thereafter, Deputy Fann downloaded the watch's video recording to his work computer located at the Sheriff's office and erased it from the device to prepare it for use by another officer.  On 25 February 2019, the State Crime Lab confirmed that the newly purchased pills contained oxycodone.  The following day, Deputy Fann reviewed the video and recognized Defendant, with whom he had prior "dealings."  The video recording displayed a time-stamp with the date of 23 February 2018 and utilized military time to indicate when the recording occurred.  The time-stamp remained on the bottom of the screen throughout the entire video.

¶ 6        On 9 September 2019, Defendant was indicted for three counts of trafficking opium or heroin, one count of possession with the intent to sell or deliver oxycodone, and one count of selling or delivering oxycodone, a Schedule II controlled substance.  The matters were joined for trial, and a jury trial was conducted from 25 through 27 October 2021.  During pretrial motions, the State reported to the trial court that its confidential informants were unavailable to testify, as Mr. Figueroa was "believed to

be out of the country" and Mr. Cruz had an outstanding warrant for his arrest and could not be located.

¶ 7        During jury selection, the State informed the trial court he had learned Mr. Figueroa contacted Deputy Fann that afternoon and reported that he, the informant, was currently in Duplin County. After discussing this issue with the trial court, the State explained that he planned to move forward without calling Mr. Figueroa as a witness. Defendant's trial counsel stated she had no objection to that approach.

¶ 8        During Deputy Fann's testimony, the State sought to introduce into evidence the video recording taken from the watch, which captured the transaction between Defendant and the informants. Defendant's trial counsel objected to the introduction of the video on the basis that the recording contained statements by the unavailable confidential informants and such statements were inadmissible hearsay. *Voir dire* was conducted outside the presence of the jury and subsequently, the trial court overruled Defendant's objection and allowed the video recording portion of the exhibit to be played for the jury without audio. Defendant's trial counsel renewed her objection to its admission. The State introduced additional exhibits which were still-frame images from the video. Each image also featured the same date and time-stamp text as that on the video recording.

¶ 9        Defendant was convicted of three counts of trafficking opium or heroin, with a consolidated sentence of seventy to ninety-three months, and one count of possession

with intent to sale or deliver oxycodone and one count of selling or delivering a Schedule II controlled substance with a consolidated sentence of seventeen to thirty months. The trial court ordered both sentences to run consecutively. Defendant gave oral notice of appeal on 27 October 2021.

## II. Appellate Jurisdiction

¶ 10       Defendant failed to comply with Rule 7 of our Rules of Appellate Procedure and filed a petition for writ of certiorari with this Court. According to Rule 7(b), an appellant is required to serve the documentation concerning his transcript order within fourteen days of giving notice of appeal. N.C. R. App. P. 7(b). Here, the trial court appointed an appellant defender. Defendant's appellant counsel filed his notice of appearance on 24 January 2022, more than fourteen days after Defendant's trial counsel entered oral notice of appeal at the conclusion of his jury trial. Appellant counsel ordered the production of the transcript that same day, and the record indicates the trial transcript was produced on 27 January 2022 and delivered prior to the 31 January 2022 deadline set by the Appellate Entries. Defendant's failure to comply with Rule 7(b) did not delay or prejudice the State. Therefore, in our discretion, we grant Defendant's petition for writ of certiorari.

## III. Discussion

### A. Standard of Review

¶ 11       While Defendant's trial counsel objected to the State introducing the watch's

video recording on the basis of a hearsay objection, her objection did not address the date and time-stamp appearing on the recording. Instead, Defendant's counsel objected as follows:

> Although it's a DVD that purports to be an audio and video regarding the two confidential informants, it still contains alleged statements made by these individuals who are not here and cannot be cross-examined, but their statements that are contained on this audio and video CD would be attempted to be introduced into evidence as to what was said and what occurred on that occasion, and that's definitely the definition of hearsay. More importantly, they're not available for the defense to be able to cross-examine them on the issue of whether or not it is, in fact, true or not.

Although Defendant's trial counsel did not make an objection as to the date and time-stamp theory as a violation of hearsay, an appellate court may review "unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). In accordance with Rule 10 of our Rules of Appellate Procedure, "an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10. Here, Defendant's brief specifically and distinctly asserts the trial court's admission of the State's exhibits amounted to plain error. Therefore, we review the

admissibility of the State's evidence for plain error.

¶ 12     Plain error arises when the error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 103 S. Ct. 381, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993). "To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation and internal quotation marks omitted); *see State v. Santillan*, 259 N.C. App. 394, 401, 815 S.E.2d 690, 695 (2018) (holding a prerequisite to a plain error analysis requires the appellate court to first find prejudice against the defendant, meaning "the error had a probable impact on the jury's finding that the defendant was guilty."). Defendant has the burden to prove that the trial court committed plain error. N.C. Gen. Stat. § 15A-1443 (2021); *see also State v. Parker*, 354 N.C. 268, 290, 553 S.E.2d 885, 901 (2001).

**B. Hearsay**

¶ 13     Defendant claims for the first time on appeal that the State's exhibits which

contain a date and time-stamp constitute inadmissible hearsay. According to Defendant, each date and time-stamp is a "non-verbal statement made by the unavailable informant who filmed the alleged transaction and was offered to prove the truth of the matter asserted."

¶ 14 Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, R. 801(c). "A 'statement' may be a written or oral assertion or non-verbal conduct intended by the declarant as an assertion." *State v. Satterfield,* 316 N.C. 55, 58, 340 S.E.2d 52, 54 (1986) (citation omitted). An act, such as a gesture, can be a statement for purposes of applying rules concerning hearsay. *Id.*; *State v. Fulcher*, 294 N.C. 503, 517, 243 S.E.2d 338, 348 (1978). Further, a declarant is a *person* who makes a statement." N.C. Gen. Stat. § 8C-1, R. 801(b) (emphasis added). "An assertion of one other than the presently testifying witness is hearsay and inadmissible if offered for the truth of the matter asserted." *Livermon v. Bridgett*, 77 N.C. App. 533, 540, 335 S.E.2d 753, 757 (1985). "If a statement is offered for any other purpose, it is not hearsay and is admissible." *State v. Frierson*, 153 N.C. App. 242, 245, 569 S.E.2d 687, 689 (2002) (quoting *State v. Dickens*, 346 N.C. 26, 46, 484 S.E.2d 553, 564 (1997)).

¶ 15 Defendant alleges that the date and time-stamps are out-of-court statements demonstrating that the video and images were taken on 23 February 2018 and were

"made by the [confidential informant] who produced the video," but did not testify at trial. Defendant's argument is misplaced because the confidential informant was not the declarant of the video's date and time-stamp "statement."

¶ 16        Deputy Fann confirmed that the confidential informant merely "operat[ed]" the watch as an agent of the Sampson County Sheriff's Office but was not the declarant of the video. While the individual wearing the watch was able to point it at certain areas, according to Deputy Fann, the wearer is not "able to tap the watch to pull up certain information," such that the undercover informant could not manipulate or edit the recording. The wearer of the watch is unable to turn off the device, because law enforcement does not "show [the confidential informant] the sequence on how to do that." In fact, the confidential informant maintained no control of the recording device because Deputy Fann prepared and activated the device for the confidential informant to wear and Deputy Gore seized the watch and stopped the device's recording because the confidential informant did not have the ability to turn off the watch on his own. Thus, "whatever [the watch] captures . . . is turned over to [the Sheriff's Office], that's what it captured."

¶ 17        Deputy Fann explained that neither the watch nor the video recording is subject to being edited and described the watch as working "almost like an auxiliary . . . it's an auxiliary plug that you plug directly into the device. The USB plugs into the computer, and you can extract it off the watch to the computer."

¶ 18 　　　In reference to the date and time-stamp appearing on the State's exhibits, Deputy Fann testified that the "date is accurate," but he did not "believe the time-stamp is . . . [ the Sheriff's Office] don't [sic] have a way to correct it, so [it] . . . shows up by itself." The testimony at trial makes clear that neither the Sampson County Sheriff's Office nor the confidential informant had control over whether a date and time-stamp appears on the video recordings. "In other words, [this] information was generated instantaneously by the computer without the assistance or input of a person." *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005).

¶ 19 　　　North Carolina has not specifically addressed whether computer records generally constitute hearsay. Other courts, however, have addressed the issue, and we find the analysis in those cases to be instructive. "When considering the potential hearsay implications of computer records, courts have drawn a distinction between "computer-generated" and "computer-stored" records." *Commonwealth v. Royal*, 46 N.E.3d 583, 587 (Mass. App. Ct. 2016); *see People v. Holowko*, 486 N.E.2d 877, 878-89 (Ill. 1985); *State v. Armstead*, 432 So. 2d 837, 839-840 (La. 1983); *State v. Kandutsch*, 799 N.W.2d 865, 879 (Wis. 2011). "The distinction between computer-stored and computer-generated records depends on the manner in which the content was created — by a person or by a machine." *Royal*, 46 N.E.3d at 587.

¶ 20 　　　Computer-generated records "are those that represent the self-generated record of a computer's operations resulting from the computer's programming."

*Kandutsch*, 799 N.W.2d at 878. Therefore, "[b]ecause computer-generated records, by definition, do not contain a statement from a person, they do not necessarily implicate hearsay concerns." *Commonwealth* v. *Thissell*, 928 N.E.2d 932, 937 n.13 (Mass. 2010); *see Baker v. State,* 117 A.3d 676, 683 (Md. Ct. Spec. App. 2015) ("When records are entirely self-generated by the internal operations of the computer, they do not implicate the hearsay rule because they do not constitute a statement of a 'person.' "). In contrast, computer-stored records "constitute hearsay because they merely store or maintain the statements and assertions of a human being." *Kandutsch*, 799 N.W.2d at 878 (citation omitted).

Applying this analysis to the facts of this case, we hold that the date and time-stamp on the State's exhibits do not constitute hearsay. Here, the date and time-stamps are purely computer-generated records, "created solely by the mechanical operation of a computer and [does] not require human participation." *Commonwealth v. Davis*, 168 N.E.3d 294, 310 (Mass. 2021) (citation omitted). As in this case, the date and time-stamp is "automatically generated *in response* to a human action[,]" like the turning on of a device or recording of a video, "but requires no actual human input or discretion in their generation." *Commonwealth v. Hopper*, 2022 Mass. App. LEXIS 469 at *13-14 (Mass. App. Ct. 2022) (unpublished) (holding that the time and date stamps recording on Facebook Messenger messages admitted into evidence did not constitute hearsay).

¶ 22          Because the electronic hardware of the device automatically generated the video recording's date and time-stamp, the date and time-stamp on the watch's video does not constitute "a statement made by the person who produced the video." Pursuant to our Rules of Evidence, the hearsay rule applies only to out-of-court statements and is defined as a *person's* "oral [assertion], written assertion, or nonverbal conduct of a person, if it is intended by him as an assertion." N.C. Gen. Stat. § 8C-1, R. 801. Hence, the relevant assertion was not made by a person; it was made by a machine. Accordingly, the machine generated date and time-stamp on the State's exhibits—the video taken by the confidential informant on the Sheriff's Office's camera watch, and subsequent still-frame images from the video — do not constitute hearsay. *See Hamilton*, 413 F.3d at 1142-43 (concluding that the computer-generated header information accompanying pornographic images retrieved from the Internet was not a hearsay statement because there was no "person" acting as a declarant); *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) (concluding that an automatically generated time-stamp on a fax was not a hearsay statement because it was not uttered by a person). Further, the Deputy who activated the device and prepared it for the informant to wear was present in court and, in fact, testified about the date and time-stamp. Therefore, there was no error, much less plain error, in the trial court admitting the date and time-stamped video and still-frame images into evidence.

## IV.    Conclusion

For the above stated reasons, we hold the trial court did not err in admitting the date and time-stamped video and still-frame images into evidence as State's exhibits.  We hold that automatically computer-generated date and time-stamps are not hearsay statements and therefore, admissible.  Accordingly, we conclude Defendant received a fair trial free from error.

NO ERROR.

Judge JACKSON concurs.

Judge GRIFFIN concurs in result only.